# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Sophia Weed,                                :
2030 Harbor Drive                           :
Palmyra, NJ 08065                           :          NO.:
                          Plaintiff,         :
       v.                                   :
                                  :
National Recovery Services, LLC             :
416 South Main Street, Suite 3             :
Ottawa, KS 66067                            :
                                  :
      And                                  :
                                  :
DCPP, Inc.                                  :
416 S. Main Street, Suite 3                :
Ottawa, KS 66067                            :
                                  :
      And                                  :
                                  :
Charles Cramer                              :
416 S. Main Street, Suite 3                :
Ottawa, KS 66067                            :
                                  :
      And                                  :
                                  :
Brad Dekraai                                :
416 S. Main Street, Suite 3                :
Ottawa, KS 66067                            :
                                  :
                                  :
      And                                  :
                                  :
Evan Quilter                                :          **JURY TRIAL DEMANDED**
951 N. 350 E                                :
Orem, UT 84057                              :
                                  :
      And                                  :
                                  :
John Does 1-10                              :
                                  :
                     Defendants.        :

## CIVIL ACTION COMPLAINT

**I.      Jurisdiction and Venue.**

1.      Jurisdiction arises under 28 U.S.C. §§ 1331 and 1332.

2.      Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the circumstances which are the subject of the action is situated within this district.

**II.      Parties.**

3.      Plaintiff, Sophia Weed is an adult individual, a New Jersey citizen residing at the above captioned address.

4.      Defendant, National Recovery Services, LLC (hereafter "National Recovery") is a business entity incorporated in the State of Kansas and regularly engaged in the business of collecting debts nationwide with its headquarters and principal place of business located at 416 South Main Street, Suite 3, Ottawa, Kansas 66067.  National Recovery is believed a citizen of Kansas.  National Recovery regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

5.      Defendant, DCPP, Inc. is a business entity, incorporated in the State of Kansas, with a headquarters and principal place of business located at 416 South Main Street, Suite 3, Ottawa, Kansas 66067.  DCPP is a believed citizen of Kansas. DCPP, Inc. is a member of Defendant, National Recovery Services, LLC and as a member is vicariously liable to Plaintiff for the FDCPA violations of National Recovery Services, LLC.

6.      Defendant, Charles Cramer is an adult individualwith a principal place of business located at 416 South Main Street, Suite 3, Ottawa, Kansas 66067.  Cramer is a believed citizen of Kansas. Charles Cramer is a member of Defendant, National Recovery Services, LLC and as a

member is vicariously liable to Plaintiff for the FDCPA violations of National Recovery Services, LLC.

7.     Defendant, Brad Dekraai is an adult individualwith a principal place of business located at 416 South Main Street, Suite 3, Ottawa, Kansas 66067.  Dekraai is a believed citizen of Kansas. Brad Dekraai is a member of Defendant, National Recovery Services, LLC and as a member is vicariously liable to Plaintiff for the FDCPA violations of National Recovery Services, LLC.

8.     Defendant, Evan Quilter is an adult individual with a residence and/or principal place of business located at 951 N. 350 E, Orem, Utah 84057.  Quilter is a believed citizen of Utah. Evan Quilter is a member of Defendant, National Recovery Services, LLC and as a member is vicariously liable to Plaintiff for the FDCPA violations of National Recovery Services, LLC.

9.     Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.

10.    At all times material, Defendants acted through their agents, servants, workman and/or employees, who were authorized and acting within the scope of their authority, course of employment and under the direct control of Defendants.

### III.    Factual Allegations.

11.    In or around summer 2013, Defendants began contacting Plaintiff via telephone regarding debts Defendant purported to be owed by Plaintiff.

12.    Defendants were calling Plaintiff at her residence, where she lived with her parents.

13.     Defendants were calling Plaintiff and her parents repeatedly attempting to collect a debt that Plaintiff never owed.

14.     At no time during the repeated phone calls did Defendants meaningfully describe to Plaintiff or her parents as to what the debt was or how the debt was incurred – despite being asked.

15.     Plaintiff repeatedly requested information as to who National Recovery Services, LLC was and/or how Plaintiff incurred the debt – which was refused.

16.     Plaintiff asked Defendant to be specific as to the principle amount, and requested paperwork to show Plaintiff exactly how the debt was incurred - refused.

17.     Defendants never provided any further information other than stating that the debt was owed and Plaintiff must pay.

18.     Up until October 2013, when Plaintiff retained counsel, Defendant repeatedly called Plaintiff early in the morning, on Saturdays, late in the evening and informed Plaintiff's family members that Defendant was attempting to collect a delinquent debt.

19.     As a result of Defendants' conduct, Plaintiff has sustained actual damages including, but not limited to emotional and mental pain and anguish which Plaintiff will continue to suffer for an indefinite time in the future, and damage to Plaintiff's credit as the result of reporting a debt that Plaintiff did not owe.

        **IV.     Causes of Action.**

                    **COUNT I – Violations of the FDCPA**

20.     The allegations above are re-alleged and incorporated herein by reference.

21.     At all times relevant hereto, Defendant was attempting to collect an alleged debt to it which was incurred for personal, family or household purposes and is a "debt" as defined by

15 U.S.C. § 1692a(5).

22.     The above contacts made between the Plaintiff and Defendants were "communications"

relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

23.     Defendant, by its conduct as described above, violated the FDCPA including but not

limited to the following:

a) §1692b: (a) Communication with the consumer generally

> Without the prior consent of the consumer given directly to the debt collector or the
> express permission of a court of competent jurisdiction, a debt collector may not
> communicate with a consumer in connection with the collection of any debt--

> **(1)** at any unusual time or place or a time or place known or which should be known to be
> inconvenient to the consumer. In the absence of knowledge of circumstances to the
> contrary, a debt collector shall assume that the convenient time for communicating with a
> consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at
> the consumer's location;

b) §1692d;  A debt collector may not engage in any conduct the natural consequence of which is
to harass, oppress, or abuse any person in connection with the collection of a debt. Without
limiting the general application of the foregoing, the following conduct is a violation of this
section:

> **(5)** Causing a telephone to ring or engaging any person in telephone conversation
> repeatedly or continuously with intent to annoy, abuse, or harass any person at the called
> number.

> **(6)** Except as provided in section 1692b of this title, the placement of telephone calls
> without meaningful disclosure of the caller's identity.

c) §1692f Otherwise using unfair or unconscionable means to collect or attempt to
        collect a debt.

## COUNT II – Violations of the TCPA

24.     The allegations above are re-alleged and incorporated herein by reference.

25.     Defendant, by its conduct as described above, violated the TCPA.

26.     Defendant repeatedly called Plaintiff's residence before 8 a.m. and/or after 9 p.m.

27.     Defendants harassment caused Plaintiff emotional and mental pain and anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the

Defendants for the following:

      a.    Actual and compensatory damages;

      b.    Statutory damages;

      c.    Costs and reasonable attorney's fees;

      d.    Such other and further relief as the Court may deem to be just and proper, including equitable relief in the form of an injunction.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff